UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XAVIER GABRIEL MALLETTE, | |
| Petitioner, | Case No. C23-1844-JCC-MLP |
| v. | |
| JACK WARNER, | ORDER TO SHOW CAUSE |
| Respondent. | |

Petitioner Xavier Mallette is a state prisoner who is currently confined at the Monroe Correctional Complex in Monroe, Washington. He has submitted to this Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2021 King County Superior Court judgment and sentence. (*See* dkt. # 1-1 at 1.) Petitioner identifies ten grounds for relief in his petition. (*See id*. at 5, 7-8, 10, 16-32.) It appears from the face of the petition that Petitioner may have presented his federal habeas claims to the King County Superior Court in various post-conviction motions. (*See id*. at 3-4, 16-32.) However, nothing in the petition suggests that Petitioner presented any of his claims to the state appellate courts for review.

In order to obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C.

ORDER TO SHOW CAUSE - 1

§ 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Petitioner's submission of his claims to the King County Superior Court for review is insufficient to satisfy the exhaustion requirement. Petitioner must also present his claims to both the Washington Court of Appeals and the Washington Supreme Court to fully exhaust his claims. As nothing in the record demonstrates that Petitioner has presented his federal habeas claims to each appropriate state court for review, it appears his claims are unexhausted and therefore ineligible for federal habeas review.

Based on the foregoing, the Court ORDERS as follows:

(1) Petitioner shall SHOW CAUSE, not later than ***thirty (30) days*** from the date on which this Order is signed, why his petition and this action should not be dismissed for failure to exhaust state court remedies. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2) The Clerk is directed to NOTE this matter on the Court's motion calendar for ***January 5, 2024***, for review of Petitioner's response to this Order to Show Cause.

(3) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable John C. Coughenour.

ORDER TO SHOW CAUSE - 2

DATED this 5th day of December, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3