UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XAVIER GABRIEL MALLETTE,

                Petitioner,

    v.

JACK WARNER,

                Respondent.

Case No. C23-1844-JCC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Xavier Mallette is currently in the custody of the Washington Department of Corrections ("DOC") pursuant to a 2021 judgment and sentence of the King County Superior Court. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from that judgment and sentence. (*See* dkt. # 4.) Respondent has filed an answer to Petitioner's petition together with relevant portions of the state court record. (Dkt. ## 9, 10.) Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* dkt. # 9.)

Petitioner filed a response to Respondent's answer (dkt. # 11), and Respondent filed a reply to Petitioner's response (dkt. # 12). Petitioner has also filed what he identifies as an "additional response," which appears to address exhaustion of state remedies (*see* dkt. # 13), as

REPORT AND RECOMMENDATION
PAGE - 1

well as a motion for an evidentiary hearing (dkt. # 14). Respondent opposes Petitioner's motion for an evidentiary hearing. (Dkt. # 15.)

This Court, having reviewed Petitioner's petition, Respondent's answer, Petitioner's motion for an evidentiary hearing, all briefing of the parties, and the state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d), and that Petitioner's motion for an evidentiary hearing should be denied.

## II.     BACKGROUND

On September 13, 2021, Petitioner was found guilty, following a bench trial, on one count of robbery in the second degree and one count of robbery in the first degree. (*See* dkt. # 10, Ex. 1 at 1.) Petitioner was sentenced on October 15, 2021, to a term of 54 months confinement, to be followed by 18 months of community custody. (*See id.*, Ex. 1 at 4-5.)

Petitioner did not pursue a direct appeal of his judgment and sentence. (*See* dkt. # 4 at 2.) However, in February 2023, Petitioner submitted to the King County Superior Court a number of "notifications" alleging errors in various aspects of his criminal proceedings. (*See* dkt. # 10, Exs. 2-4.) The Superior Court construed Petitioner's submissions as motions for relief from judgment and, upon concluding the submissions were untimely, transferred them to the Washington Court of Appeals for consideration as a personal restraint petition in accordance with Washington Superior Court Criminal Rule ("CrR") 7.8(c)(2). (*See id.*, Ex. 5.)

On August 3, 2023, the Washington Court of Appeals advised Petitioner that his petition had been filed and that he would be informed once a decision on the petition was reached. (Dkt. # 10, Ex. 6.) Shortly thereafter, Petitioner filed two motions in the Court of Appeals seeking to dismiss/withdraw the petition, arguing that he did not file a personal restraint petition, nor did he consent to one being filed on his behalf. (*See id.*, Exs. 7-8.) On September 7, 2023, the Court of

Appeals dismissed the petition without prejudice pursuant to Petitioner's request. (*Id*., Ex. 9.) The Court of Appeals issued a certificate of finality in that matter on October 2, 2023. (*Id*., Ex. 10.)

While the post-conviction proceeding referenced above was pending in the Washington Court of Appeals, Petitioner submitted a series of three post-conviction motions to the King County Superior Court. (*See* dkt. # 10, Exs. 11-13.) The Superior Court again concluded Petitioner's submissions were untimely and, in accordance with CrR 7.8(c)(2), transferred the motions to the Washington Court of Appeals for consideration as a personal restraint petition. (*Id*., Ex. 14.)

On October 2, 2023, the Washington Court of Appeals advised Petitioner that his petition had been filed and that he would be informed once a decision on the petition was reached. (Dkt. # 10, Ex. 15.) Petitioner once again moved for dismissal of the personal restraint petition on the grounds that he had not consented to the Superior Court taking actions on his behalf. (*Id*., Ex. 16.) On October 30, 2023, pursuant to Petitioner's request, the Court of Appeals dismissed the petition without prejudice. (*Id*., Ex. 17.) The Court of Appeals issued a certificate of finality in that matter on December 18, 2023. (*Id*., Ex. 18.)

Petitioner submitted his federal habeas petition to this Court for filing on November 29, 2023. (*See* dkt. # 1.) The briefing with respect to the petition is now complete and this matter is ripe for review.

### III.    DISCUSSION

#### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C.

REPORT AND RECOMMENDATION
PAGE - 3

§ 2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). In this case, because Petitioner did not file a direct appeal, his conviction became final for purposes of calculating the statute of limitations upon the expiration of the time for filing a notice of appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012). The King County Superior Court entered the judgment and sentence in Petitioner's case on October 15, 2021. (*See* dkt. # 10, Ex. 1 at 1.) The time for filing a notice of appeal expired thirty days after entry of the judgment and sentence, or November 15, 2021.[1] *See* 28 U.S.C. § 2244(d)(1)(A); Rules 5.1, 5.2, Washington Rules of Appellate Procedure. Petitioner's one-year statute of limitations began to run the following day and expired one year later on November 16, 2022. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). While Petitioner filed a number of post-conviction notifications/motions in the state courts, all were filed well after the statute of limitations had already expired. Once the statute of limitations period has run, a state collateral action filed thereafter does not serve to revive the statute. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, Petitioner's notifications/motions for post-conviction relief did not act to toll the limitations period.

Because Petitioner did not file his federal habeas petition until November 29, 2023, a full year past the date on which the statute of limitations expired, his petition is untimely. Petitioner argues, however, that the late filing of his petition should be excused because he is entitled to

---

[1] Because the end of the thirty-day period fell on a Sunday, November 14, 2021, the deadline to file a notice of appeal did not expire until the following day. *See* Rule 6(a), Washington Superior Court Civil Rules; Rule 8.1, Washington Superior Court Criminal Rules.

REPORT AND RECOMMENDATION
PAGE - 4

equitable tolling of the limitations period and/or because he is actually innocent of the crimes of which he was convicted. (*See* dkt. # 11 at 1-8.) The Court discusses those arguments below.

### B. Equitable Tolling/Actual Innocence

The statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id.* at 1065.

In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The diligence that is required is "reasonable diligence." *Id.* at 653. "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the extraordinary circumstance was, in fact, the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner argues that he is entitled to equitable tolling because he has diligently pursued his rights but has faced "immense hardships, obstacles, deprivations and, imped[i]ments on my due process" that amount to extraordinary circumstances. (Dkt. # 11 at 1.) More specifically,

Petitioner asserts that he was held on the maximum-security mental health floor at the King County Jail ("the Jail") from the time of his sentencing on October 15, 2021, until his transfer into DOC custody on November 24, 2021. (*Id*. at 2.) Petitioner claims that while on the mental health floor of the Jail, mental health staff confiscated his pro se box containing all correspondence, legal papers, writing implements, and envelopes, and then discarded the box upon his transfer into DOC custody. (*Id*. at 3.)

Petitioner asserts that after his transfer into DOC custody, he was on mental health observation and then on COVID-19 isolation in administrative segregation until January 2022. (*See* dkt. # 11 at 4.) According to Petitioner, he was at that point transferred to a regular living unit where he had privileges necessary to engage in litigation activities restored. (*See id*.) Petitioner claims that he then spent "most of the year 2022" trying to regain the materials that were allegedly discarded by the Jail in 2021. (*Id*.) Petitioner claims as well that he was quarantined multiple times in early to mid-2022 because he caught COVID-19 twice and became severely ill both times. (*Id*.)

Petitioner's arguments lack sufficient specificity and support to demonstrate an entitlement to equitable tolling. Petitioner claims his legal materials were taken away from him and discarded by Jail mental health staff in 2021, but he offers no evidence to substantiate this claim. Moreover, even crediting Petitioner's unsupported assertion that his legal materials were taken from him, he fails to explain why it took "most of" 2022 to obtain the documents he claims to have lost in 2021. By Petitioner's own account, he had access to the materials necessary to engage in correspondence and to the legal resources necessary to engage in litigation activities, as early as January 2022. (Dkt. # 11 at 4.) Despite illnesses which Petitioner claims incapacitated


him intermittently through the middle of 2022, he still had several months remaining to obtain the necessary documents, conduct legal research, and initiate post-conviction proceedings.

Yet, it was not until February 2023 that Petitioner first sought post-conviction relief in the state courts and, even then, he opted not to litigate any of his post-conviction proceedings to completion. Petitioner did not file his federal habeas petition until two years after he claims to have lost his legal materials and a full year after the limitation period expired. While it is understandable that the alleged loss of his legal materials may have interfered to some extent with Petitioner's ability to pursue post-conviction relief, he fails to demonstrate that the temporary loss of his legal materials, or any of the other factors he cites, were the reason his federal habeas petition was untimely. Petitioner therefore fails to demonstrate that equitable tolling should be applied in this case.

Petitioner also argues that he qualifies for an exception to the statute of limitations because he is actually innocent of the offenses of which he was convicted. (Dkt. # 11 at 5.) There is an equitable exception to the statute of limitations for a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the Supreme Court has cautioned that tenable actual innocence claims are rare. *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and rarely met). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

REPORT AND RECOMMENDATION
PAGE - 7

While Petitioner asserts that he qualifies for an actual innocence exception, he does not identify in his materials, much less produce, any new reliable evidence that would have altered the outcome of his criminal proceedings. Instead, Petitioner appears to merely challenge the admissibility and sufficiency of evidence at trial, which is inadequate to establish actual innocence. Petitioner's actual innocence claim therefore fails.

### C.  Motion for an Evidentiary Hearing

Petitioner has filed a motion requesting an evidentiary hearing (dkt. # 14), and Respondent opposes that motion (dkt. # 15). The decision to grant an evidentiary hearing lies within the discretion of the Court. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The Court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474 (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. As explained above, this Court concludes the record in this matter precludes habeas relief because the petition is time-barred. Accordingly, an evidentiary hearing is not warranted, and Petitioner's motion should be denied.

### D.  Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

## IV.    CONCLUSION

Because Petitioner filed his federal habeas petition outside of the § 2254 statute of limitations period, and because Petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period or to an exception to the statute of limitations based upon actual innocence, Petitioner's petition is time-barred and must therefore be dismissed. Accordingly, this Court recommends that Petitioner's petition for writ of habeas corpus (dkt. # 4) and this action be dismissed, with prejudice, under § 2244(d).[2] This Court further recommends that Petitioner's motion for an evidentiary hearing (dkt. # 14) be denied. Finally, this Court recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

---

[2] The Court observes that even if Petitioner were able to overcome the time bar, the record makes clear that he failed to properly exhaust any of his federal habeas claims in the state courts, which is a prerequisite to obtaining federal habeas relief under § 2254. *See* 28 U.S.C. § 2254(b)(1). As noted herein, Petitioner did not seek direct review of his conviction and, though he filed a number of notifications/motions seeking post-conviction relief in the state courts, he withdrew those requests for relief before the state appellate courts had the opportunity to consider them. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (In order to satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 12, 2024**.

DATED this 18th day of March, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 10