THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XAVIER GABRIEL MALLETTE,<br><br>                    Petitioner,<br><br>       v.<br><br>JACK WARNER,<br><br>                    Respondent. | CASE NO. C23-1844-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Xavier Mallette's objections (Dkt. No. 17) to the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 16) and his motions for an evidentiary hearing and for a certificate of appealability (Dkt. Nos. 14, 18). For the reasons described below, the Court OVERRULES the objections (Dkt. No. 17), denies the motions (Dkt. Nos. 14, 18), ADOPTS the R&R (Dkt. No. 16), and DISMISSES with prejudice Mr. Mallette's petition for writ of habeas corpus (Dkt. No. 4).

Mr. Mallette filed a 28 U.S.C. § 2254 petition with this Court seeking habeas relief. (*See generally* Dkt. No. 4.) In the resulting R&R, Judge Peterson found the petition time barred due to Mr. Mallette's failure to file within the one-year statute of limitations period. (*See* Dkt. No. 16 at 4.) Moreover, finding that reasonable jurists could not disagree, Judge Peterson also recommended against issuing a certificate of appealability. (*Id.* at 8–9.) In objecting to these

recommendations, Mr. Mallette merely lists his objections without argument. (*See generally* Dkt. No. 17.)

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Rule 8, Federal Rules Governing § 2254 Cases (2019). In fact, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). *See also Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1449 (9th Cir. 1989) (holding that the Rule 72(b) requirement of specifically written objections does not apply to habeas corpus petitions filed under 28 § U.S.C. 2254).

The Antiterrorism and Effective Death Penalty Act established a one-year limitation period for state prisoners to file applications for federal habeas relief, which typically commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"—whichever occurs later. 28 U.S.C. § 2244(d)(1). Here, Mr. Mallette did not file a direct appeal of his state convictions, meaning his conviction became final on November 15, 2021—the expiration of the time to file a notice of appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012). The statute of limitations began running the following day and expired one year later on November 16, 2022. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). Because Mr. Mallette filed his federal habeas petition on November 29, 2023, over one year after his statute of limitations expired, (*see* Dkt. No. 1), the Court finds that Mr. Mallette has filed his petition outside the statute of limitations and overrules it on that basis. And given that this petition is time-barred, there is no justification for holding an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

The statute of limitations for federal habeas petitions can be extended through equitable tolling, but the threshold for its application is high: it requires a petitioner to demonstrate both diligence and extraordinary circumstances preventing timely filing. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Holland v. Florida*, 560 U.S. 631, 649 (2010). In this case, Mr.

Mallette'sclaim for equitable tolling based on hardships faced lacks specificity and supporting evidence, failing to show that these circumstances caused the untimeliness of the petition. Additionally, Mr. Mallette'sassertion of actual innocence does not meet the demanding standard set by the Supreme Court, lacking new reliable evidence that would likely change the outcome of his criminal proceedings. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Separately, Mr. Mallette seeks a certificate of appealability for his petition (Dkt. No. 18). A petitioner may appeal dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge, which may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Judge Peterson found that no reasonable jurist could find the issues presented in Mr. Mallette's habeas petition deserve encouragement to proceed further. (*See generally* Dkt. No. 16.) Mr. Mallette presents this Court with no reason to depart from that conclusion. (*See* Dkt. No. 18.)

For the foregoing reasons, Mr. Mallette's objections to Judge Peterson's R&R (Dkt. No. 17) are OVERRULED. The Court ADOPTS the R&R (Dkt. No. 16), DISMISSES with prejudice Mr. Mallette's petition for writ of habeas corpus (Dkt. No. 4) and DENIES his motion for an evidentiary hearing (Dkt. No. 14) and for a certificate of appealability (Dkt. No. 18).

DATED this 9th day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE